ELMER BERTRAND,
Defendant Below, Appellant,

*vs.*

HESTER BERTRAND,
Complainant Below, Appellee.

*Supreme Court, On Appeal, April* 11, 1939.

LAYTON, C. J., and RICHARDS, RODNEY, SPEAKMAN, and TERRY, JJ., sitting.

*William T. Broughall* and *Frank Holahan,* of New York City, for appellant.

*Charles W. Cullen* and *Howard W. Bramhall,* for appellee.

TERRY, Judge, delivering the opinion of the Court:

The appellant alleged error only in that portion of the decree that made it mandatory upon him to deliver to the appellee the United States Treasury bonds herein described. He averred that in ordering the delivery of the Treasury bonds to the appellee, the Chancellor, in effect, was distributing the estate of Louis Bertrand, deceased, and by said order was including the bonds to the appellee in derogation of the appellant's rights as one of the heirs at law of Louis Bertrand, deceased.

In view of the admissions of the appellant that he agreed to receive the assets of the estate of Louis Bertrand, deceased, of which the bonds were a part, in trust, for the benefit of the appellee and to pay any or all funds to the

appellee upon her application, the contention now advanced by the appellant is difficult to understand.

The mere fact of the creation of a trust would in itself provide the Court of Chancery sufficient jurisdiction to order an accounting upon the application of the *cestui que trust* and to enter a binding decree in line with its findings.

By the appellant's own testimony the bonds or funds now represented by the bonds were a part of the estate of Louis Bertrand, deceased, and thereby became a part of the corpus of said trust.

The effect of the decree of the Chancellor below was to enforce the provision of a trust and not to distribute the estate of the deceased.

The decree of the Chancellor is hereby sustained.